UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ABINASH PATHAK )<br>    Petitioner )<br>)<br>v. )<br>)<br>BRUCE CHADBOURNE )<br>DISTRICT DIRECTOR )<br>IMMIGRATION AND )<br>CUSTOM ENFORCEMENT )<br>    Respondent )<br>_____) | Civil Action No.:04CV-10025-RWZ |

## PETITIONER ABINASH PATHAK SUPPLEMENT TO PETITION FOR HABEAS CORPUS

The Petitioner, Abinash Pathak, is a native and citizen of India. He enter the United States in 1993, where he was admitted as a non-immigrant Visitor (B-1). Several Months later, Petitioner filed form I-589 Application for Political Asylum. Prior to any interview by the Immigration and Naturalization Service, the Petitioner returned to India because of a family emergency in 1994.

However, Petitioner's Asylum application continued to proceed through the INS and EOIR System (Executive Office for Immigration Review), Although the Petitioner filed his application for Political Asylum in 1993, the Immigration and Naturalization Service did not refer his case to the Immigration Judge until May 26, 1998. The Petitioner's family who continues to reside at the Arizona address which was contained in Petitioner's Asylum Application, never received notice that the Petitioner was to be present at the Immigration Court.

On December 2003, the Petitioner attempted to enter on a valid B-1 visa, However he was apprehended and detained as an inadmissible arriving alien as a result of the in absentia removal order.

## ARGUMENT

8 C.F.R. 208(b)(3) provides that where an Asylum application was filed on or after January 4, 1995, information provided in the application may be used as a basis for the initiation of removal proceedings, or to satisfy any burden of proof in exclusion, deportation, or removal proceedings. Here, the Petitioner's Removal Proceeding was initiated based upon a pre-January 4, 1995 Asylum application. Thus, the Service has violated their own regulation by initiating Removal proceedings based upon a pre-1995 Asylum application.

The Petitioner also contends that he failed to appear for his Removal hearing because he never received notice of the Removal Hearing form the Immigration Court. The Immigration Judge ordered the Petitioner Removed because the Immigration Court sent Petitioner's notice to his last address known to the Immigration Service. Petitioner seeks to have this Court consider letters from Petitioner and his family that notice was neither delivered nor refused, thereby rebutting the presumption of effective service. Arrieta v. INS, 117 F.3s 429.

Because Removal proceedings are civil many of constitutional guarantee's of the United States Constitution are inapplicable. Nonetheless, Courts have recognized that there is a Fifth Amendment Due Process violation is a Removal proceeding is so fundamentally unfair that an Alien is prevented from reasonably presenting his case. Tang v. Ashcroft, 2003 U.S. App. Lexis 26325.

Exhaustion of Administrative Remedies

8.C.F.R. sec. 3.2(d), 3.23(b) limits the jurisdiction of the Board of Immigration Appeals and the Immigration Court, respectively; A motion to reopen shall not be made by or on behalf of a person who is the subject of Exclusion, deportation or removal proceedings subsequent to his or her departure from the United States. Accordingly, since the Petitioner made several valid admissions and departures to and from the United States on a valid VISA, subsequent to his in absentia Removal order, the Immigration Court and the Board of Immigration Appeals lack Jurisdiction to hear Petitioner's Motion to Reopen.

In Conclusion, The Petitoner is prevented from seeking administrative relief because he has departed from the United States subsequent to his Removal Order. This Court maintains Habeas Jurisdiction to review Petitioner's Fifth Amendment Due Process violation based upon ineffective notice and the improper initiation of removal proceeding pursuant to 8 C.F. R. 208(b)(3).

Respectfully Submitted,

_____
STEPHEN A. LAGANA, ESQ.
145 Essex Street
Lawrence, MA. 01841
978-794-2331

LAGANA & ASSOCIATES
145 ESSEX STREET
LAWRENCE, MASSACHUSETTS 01840
978-794-2331
FAX: 978-794-2441

2004 JAN 27 P 3: 47

U.S. DISTRICT COURT
DISTRICT OF MASS

January 23, 2004

Docket Clerk
United States District Court
1 Courthouse way
Boston, MA. 02118

**RE: Pathak v. Chadbourne No.: 04-10025-RWZ**

Dear Sir/Madam:

    Enclosed please find Petitioner's Supplement to his Petition for Habeas Corpus.

Respectfully,

Stephen A. Lagana
Attorney at Law

SAL/om
Enclosure

### CERTIFICATE OF SERVICE

    I, Stephen A. Lagana, Counsel for the Petitioner hereby certify that on this date I have mailed a copy to Frank Crowley, USINS, Assistant District Counbsel, Department of Homeland Security, JFK Federal Building, Rm. 425, Boston, MA. 02203.